*John E. Newman, for appellant.*

*A. H. Field, for appellees.*

---

John Gault *v.* R. A. Thompson, etc.

**Vendor and Purchaser—Vendor's Lien—Pleading.**

> Although it may be necessary in a proceeding to enforce a vendor's lien to allege the ability and willingness of the vendor to comply with the terms of his contract, such allegations are not- necessary to authorize a personal judgment against the vendee.

**Equity—Personal Judgment.**

> A matter being properly in the equity court, it is error to render a personal judgment, since the parties have a right to full and complete relief at the hands of the chancellor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

January 10, 1873.

Opinion by Judge Lindsay:

Although it may be necessary in a proceeding to enforce a vendor's lien to allege the ability and willingness of the vendor to comply with the terms of his contract, yet such allegations are not necessary to authorize a personal judgment against the vendee.

The note itself may be made the foundation of the action, and it is not essential that the consideration shall ever be referred to. The petition in this case is certainly sufficient to sustain the judgment rendered, and appellant can not be heard on this appeal to complain that appellee failed to show that it was entitled to have its lien enforced, no judgment to that effect having been rendered.

Nor was it erroneous to render the personal judgment at an equity term. Being properly in a court of equity, the appellee had

the right to demand at the hands of the chancellor full and complete relief.

The action not being in a condition to authorize the enforcement of the lien did not preclude appellee from demanding a personal judgment and, as appellants were in court and interposed no objection, such judgment was properly rendered. Judgment *affirmed*.

*Drane, for appellant.*

*Julian, for appellees.*